101　363
103　369

101　363
f105　245
105　248

GEORGE H. TABER et al.

*vs.*

WILLIAM H. DOUGLASS et als.

Kennebec.　　Opinion April 5, 1906.

*Probate Courts. Jurisdiction. Petition for Adoption. What Such Petition Must Allege. Collateral Inquiry into Jurisdictional Facts. Decree of Adoption Adjudged Void. R. S., c. 69, § § 32, 33.*

Jurisdiction of a subject matter alone is not sufficient to establish the validity of a decree of a Probate Court. If the preliminary requisites and the course of proceedings prescribed by law are not complied with, jurisdiction does not attach and the decree will be, not voidable merely, but void. A petition to that court is the foundation upon which to base its jurisdiction and such petition must allege sufficient facts to show authority and power of the court to make the decree prayed for. The record of its proceedings must show its jurisdiction.

In the case at bar, it is true that the decree of adoption, according to the printed forms prescribed therefor, contains the statement that " the written consent required by law has been given thereto." Construed as a finding of fact this is contrary to the truth imported by the entire record ; and the fact that a court of probate in giving judgment, passed upon the question of jurisdiction, does not preclude courts of common law from inquiring into the jurisdictional facts collaterally and declaring the judgment of the Probate Court valid or void as they shall find these facts true or false.

It is therefore *held* that the conditions precedent to the exercise of authority to make such a decree were not fulfilled in the case at bar, and that the proceedings of the Probate Court were irregular and the decree of adoption unauthorized and void.

When both parents of a child are living, there can be no consent by guardian, next of kin or next friend, to the adoption of such child unless *both* parents have abandoned such child and ceased to provide for its support.

On report. Action to stand for trial.

Action on the case by the plaintiffs who are husband and wife to

recover damages against the defendants, William H. Douglass, Ida Douglass and Emerline Stafford, for enticing one Lettie M. Taber, a minor of the age of fifteen years, to leave the plaintiffs' home and service. The minor is not the daughter of the plaintiffs by birth but it is alleged that she was legally adopted by them by virtue of a decree of the Probate Court, Kennebec County.

The defendant, Emerline Stafford, was defaulted, but the other two defendants appeared and pleaded the general issue and denied that the minor was ever legally adopted by the plaintiffs.

The action was heard at the October term, 1905, of the Supreme Judicial Court, Kennebec County, and at the conclusion of the evidence it was agreed that the same which was in the form of an agreed statement, should be reported to the Law Court with the stipulation that if upon the evidence "this action can be maintained by these plaintiffs (or by either of them upon proper amendment of the writ) then the action is to stand for trial against the two defending defendants; otherwise judgment to be entered against the plaintiffs for the two defending defendants."

The petition for adoption and the decree of adoption are as follows:

### (Petition for Adoption.)

"To the Judge of Probate for the County of Kennebec;

"The undersigned, Geo. H. Taber of Gardiner, in said County, and Minnie B. Taber, his wife, respectfully petition for leave to adopt Lettie M. Farrar, a minor child of the age of one year, of Otis C. Farrar and Lettie M. Farrar, his wife, said petitioners being of sufficient ability to bring up and educate said child properly, having reference to the degree and condition of said child's parents.

"The mother of said child has abandoned it and ceased to provide for its support, and her present place of abode is unknown; and the father of said child has given consent to the adoption herein prayed for.

GEORGE H. TABER.
MINNIE B. TABER.

"The undersigned, parent of the child above named, hereby consents that said child may be adopted by the above named petitioners.
OTIS C. FARRAR."

(Decree of Adoption.)

STATE OF MAINE.

"KENNEBEC, SS.                                    PROBATE COURT.

" To George H. Taber of Gardiner in said County, and Minnie B. Taber, wife of said George H. Taber :

" Whereas, you have petitioned this Court for leave to adopt Lettie M. Farrar, a child of the age of one year, and for a change of her name, and the written consent required by law has been given thereto; now, therefore,

" Trusting in your ability to bring up and educate said child properly, and being satisfied of the identity and relations of the parties, and of the fitness and propriety of such adoption, I, H. S. Webster, Judge of said Court, by virtue of the power and authority vested in me, have decreed that from this day said child is your child, and that her name is changed to Lettie M. Taber which she shall hereafter bear, and which shall be her legal name.

" You therefore assume the relations of parents, to said child, and will hereafter cherish, support, educate and otherwise provide for her as though you were her natural parents, and her natural parents are divested of all legal rights in respect to her, and she is free from all legal obligations of obedience and maintenance in respect to them; and she is, for the custody of the person and all rights of obedience and maintenance and also of inheritance, to all intents, and purposes, your child the same as if born to you in lawful wedlock.

" In witness whereof, I have hereunto set my hand and caused the seal of said Court to be affixed, at Augusta, this eleventh day of November in the year of our Lord one thousand eight hundred and eighty-nine.                                    H. S. WEBSTER,
                                             Judge of Probate."

" H. OWEN, Register.

――――――――

All the material facts are stated in the opinion.

*George W. Heselton,* for plaintiffs.

*Heath & Andrews,* for defendants William H. Douglass and Ida Douglass.

*W. C. Atkins,* for defendant Emerline Stafford.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

WHITEHOUSE, J.   This is an action by the plaintiffs who are husband and wife to recover damages against the defendants for enticing one Lettie M. Taber a minor of the age of fifteen years to leave the plaintiffs' home and service.   The minor is not the daughter of the plaintiffs by birth, but it is claimed that she was legally adopted by them by virtue of a decree of the Probate Court.   Otis Farrer the father of the minor, died about a year after the alleged adoption. The mother is still living in Gardiner in this state.   The defendant Stafford was defaulted.   The other defendants plead the general issue and deny that the minor was ever legally adopted by the plaintiffs.

The case comes to the Law Court on report with the following stipulations, namely:   If the court shall find that the minor was legally adopted or that the question of the legality of the adoption is not open to collateral inquiry, the action is to stand for trial against the defendants William H. and Ida Douglass; but if the court shall find that the child was not legally adopted, the case is to be sent back for trial upon the plaintiffs' contention that Lettie M. Taber was their servant at the time she is alleged to have been persuaded by the defendants to leave the plaintiffs' household.

The provisions of our statutes relating to petitions for the adoption of children are found in sections 32 and 33 of chapter 69 of the Revised Statutes.

Sec. 32.   "Any unmarried inhabitant of the state, or any husband and wife jointly, may petition the judge of probate for their county, for leave to adopt a child not theirs by birth, and for a change of his name."

Sec. 33.   "Before such petition is granted, written consent to such adoption must be given by the child, if of the age of fourteen years and by each of his living parents, if not hopelessly insane or intemperate; or, when a divorce has been decreed to either parent, written consent by the parent entitled to the custody of the child; or such consent by one parent, when, after such notice to the other parent as

the judge deems proper and practicable, such other parent is considered by the judge unfit to have the custody of the child. If there are no such parents, or if the parents have abandoned the child and ceased to provide for its support, consent may be given by the legal guardian ; if no such guardian, then by the next of kin in the state, if no such kin, then by some person appointed by the judge to act in the proceedings as the next friend of such child ; if an illegitimate child, and under the age of fourteen years, such consent may be given by the mother of such child."

In their petition to the Probate Court for leave to adopt the child in question, in this case the plaintiffs represent that she is the minor child of Otis C. Farrar and Lettie M. Farrar, his wife and that the mother of said child has abandoned it and ceased to provide for its support ; that her present place of abode is unknown, and that the father of said child has given consent to the adoption herein prayed for. The father's written statement over his signature consenting to the adoption is appended to the petition.

On the 11th day of November, 1899, a decree of adoption was granted on this petition without the service of any notice upon the mother either personal or constructive. The decree contains no findings of fact but retains the language of the printed blank that " the consent required by law has been given thereto."

In determining the question presented upon this state of facts it is proper to be reminded that courts of probate are wholly creatures of the legislature and are tribunals of special and limited jurisdiction only. It is true that when its proceedings have all been regular with respect to any matter within the authority conferred upon it by law, the decrees of the Probate Court when not appealed from are conclusive upon all persons, and cannot be collaterally impeached. It is equally well settled in this State that jurisdiction of the subject matter alone is not sufficient to establish the validity of its decree. If the preliminary requisites and the course of proceedings prescribed by law are not complied with, jurisdiction does not attach and the decree will be, not voidable merely, but void. The petition to this court is the foundation upon which to base its jurisdiction and it must allege sufficient facts to show the authority and power of the

court to make the decree prayed for.    The record of its proceedings must show its jurisdiction.

In *Fairfield* v. *Gullifer*, 49 Maine, 360, it was held that in order to place a citizen under guardianship the records of the Probate Court must show by distinct allegation and not by implication or inference merely, that he falls within one of the classes named in the statute for whom the guardian may be appointed.

In *Snow in Equity* v. *Russell*, 93 Maine, 362, it was held that a decree of the judge of probate licensing the sale of real estate in that case by an executor for the purpose of paying debts and excusing the executor from giving bonds before making the sale, is void; that the sale under such license, no bond in fact having been given, is equally void; and that the validity of the decree and the sale may be attacked collaterally though no appeal was taken from the decree.

In *Coolidge* v. *Allen*, 82 Maine, 23, the Probate Court appointed a guardian for a person on the ground of insanity but without an inquisition by the municipal officers of the town as required by statute and without notice to the person for whom the guardian was asked.    It was held that the appointment was without authority and void.    See also *Snow, Appellant*, 96 Maine, 573 ; *Tracy* v. *Roberts*, 88 Maine, 315 ; *Fowle* v. *Coe*, 63 Maine, 245 ; *Thompson* v. *Hall*, 77 Maine, 163.

All of the statutory provisions in sections 32 and 33 of chapter 69 above quoted, except the last clause relating to illegitimate children, were in force at the time of the alleged adoption here in question. It has been noticed that written consent to the adoption, given in one of the several methods specified in section 33 is expressly made a statutory prerequisite to the exercise of the power conferred upon the court to grant such a petition.    It is a jurisdictional fact required by statute and must be distinctly alleged in the petition as the basis of the court's authority to act in the premises ; and after decree, proof of the allegation must be shown by the records of the court.

In this case it is alleged and proved that written consent to the adoption was given by the father of the child alone, although the mother was also living at the time ; and whether this was a sufficient compliance with the statute can readily be determined by comparing the

facts of this case with the conditions in each of the classes of cases specified in the statute.

The plaintiffs' case manifestly falls outside of the first class therein described, for the reason that the child was only a year old, and the parents were not "hopelessly insane or intemperate."

It does not fall within the second class because there had been no divorce.

The facts do not bring it within the third class, because it is neither alleged nor proved that any notice actual or constructive was ever given to the mother, or that she was "considered by the judge unfit to have the custody of the child."

It does not belong to the fourth class, for the reason that when both parents are living, there can be no consent by guardian, next of kin or next friend, unless both parents have abandoned the child and ceased to provide for its support.

It is thus manifest that the record fails to disclose such written consent in the plaintiffs' case as is required by the conditions of either of the four classes specified in the statute. The plaintiffs' petition belongs to neither of these classes, but is sui generis. It is a composite result which embraces some features of both the third and fourth classes, but fails to comply with the essential conditions of either. The allegation in the petition that "the mother of said child has abandoned it and ceased to provide for its support" was obviously suggested by the provisions for consent in the fourth class where both parents have abandoned the child. It is clearly without force or significance and entirely immaterial as applied to a case in the third class, which the plaintiffs' case resembles more than any other. It is not equivalent to an averment that the mother is considered by the judge unfit to have the custody of the child. There is no allegation that the question of the mother's fitness was ever considered by the judge, and there could be no adjudication of the question without giving to the mother such "notice as the judge deemed proper and practicable." *Holman* v. *Holman*, 80 Maine, 139; *Peacock* v. *Peacock*, 61 Maine, 211. There appears to have been no attempt to comply with these requirements of the statute.

VOL. CI 24

It is true that the decree of adoption, according to the printed forms prescribed therefor, contains the statement that "the written consent required by law has been given thereto." Construed as a finding of fact this is contrary to the truth imported by the entire record; "and the fact that a court of probate in giving judgment, passed upon the question of jurisdiction, does not preclude courts of common law from inquiring into the jurisdictional facts collaterally and declaring the judgment of the Probate Court valid or void as they shall find these facts true or false." *Fowle* v. *Coe,* 63 Maine, 245; *Jochumsen* v. *Bank,* 3 Allen, 87.

The conditions precedent to the exercise of authority to make such a decree were not fulfilled in this case; the proceedings of the Probate Court were irregular and the decree of adoption unauthorized and void.

According to the stipulation of the parties the case is sent back for trial upon the averment in the plaintiffs' declaration that the minor child in question was their servant at the time of the alleged wrongful act of the defendants' in enticing her away from their custody.

*Case to stand for trial.*