CECIL C. SMITH *et al. vs.* REBECCA F. A. BRADFORD *et al.*

APRIL 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. This is a bill in equity which, being ready for hearing for final decree, has been certified to this court for its determination. (G. L. 1923, C. 339, s. 35.)

The facts are not in dispute. Mowry Randall of North Providence died in 1872 leaving a last will and testament made in 1871 which was duly probated. In his will the testator being, as he declared, in the eighty-ninth year of his age, gave first to his son Olney and his son's wife, Lydia, the homestead and two other parcels of land for their life or lives and the remainder to their two sons, John and Reuben. Second, to his son Olney and his wife, Lydia, all his family

tools and stock, household furniture and family supplies "excepting one feather bed which belongs to my daughter Mary Angell." Third. "I give and devise to my granddaughter Sarah S. Smith wife of Horace Smith, and daughter of the Rev. Martin J. Steere Twenty Shares of the Capital Stock of the Merchants Bank in the City of Providence, To have and to hold the same during her natural life, Provided however in the event of the death of her the said Sarah S. Smith without issue, leaving no children, then in that case, the said twenty Shares revert back to my legal heirs." Fourth, to his son Olney a wood lot containing twenty-five acres. Fifth, to his daughter Mary the northerly part of the land bought of Anna Arnold and the heirs of Welcome Arnold, "being the remainder of the adjoining lot herein devised to my son Olney." And the residue of his estate, to his son Olney W. Randall his heirs and assigns forever, he paying testator's debts and funeral expenses.

Sarah S. Smith, his granddaughter, was married but no children were born of the marriage. April 27, 1875, Sarah S. Smith legally adopted a daughter in the Commonwealth of Massachusetts. This adopted daughter, named Emmie Clinton Smith, predeceased Sarah S. Smith, leaving her surviving three children, Fred U. Smith, Jr., Robert C. C. Smith and Cecil C. Smith. These children are the complainants. The respondents are the legal heirs and the next of kin of the testator. May 25, 1929, Sarah S. Smith deceased, leaving a last will by which the complainant Cecil C. Smith was made the residuary legatee.

Complainants claim that the shares of stock described in the third clause of Mowry Randall's will (now represented by other shares issued because of a bank consolidation) belong to Cecil C. Smith as residuary legatee under the will of Sarah S. Smith or, if this is not so, to the complainants as the children or issue of Sarah S. Smith living at her death. Respondents claim the shares as the heirs and next of kin of Mowry Randall.

Complainants claim that the words "without issue, leaving no children" include the children of an adopted daughter of Sarah S. Smith. In support thereof they rely on *Hartwell* v. *Tefft*, 19 R. I. 644. The question raised, however, is not material with respect to complainants' claim unless the adopted children of Sarah take an estate by implication. Devises and bequests by implication are not favored. When allowed they must be founded on the intention of the testator as ascertained from the contents of the whole will, and not on conjecture. *Nickerson* v. *Bowly*, 8 Metc. 424; *Grout* v. *Hapgood*, 13 Pick. 159; *O'Hearn* v. *O'Hearn*, 114 Wisc. 428; *Ames* v. *Conry*, 87 Ind. App. 149; *Brown* v. *Quintard*, 177 N. Y. 75; *Bishop* v. *McClelland*, 44 N. J. Eq. 450; *Barlow* v. *Barnard*, 51 N. J. Eq. 620.

General Laws, 1923, C. 288, s. 6, provides that: "A child so adopted shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation."

The adoption in the case at bar was effected under a statute of Massachusetts similar to our own statute. Being in derogation of the common law the statute of adoption is to be strictly construed. This statute creates a status and a relationship unknown to the common law. Any right of inheritance belonging to an adopted child is created by and is derived from the statute. *Batcheller-Durkee* v. *Batcheller*, 39 R. I. 45. In that case it was held that under the adoption statute no right of inheritance from a child of the adopting parent born to him in wedlock is given to the adopted child. A beneficiary under a will takes a bequest or a devise not as a right but by gift of the testator; and such a taking is dependent on the intention of the testator which is to be

ascertained by a reading of the entire will in the light of the surrounding facts and circumstances. As said by this court in *Chapin* v. *Hill*, 1 R. I. 446, the testator's language should not only receive a sensible interpretation but should be construed with reference to his whole will and to the subject matter relative to which he speaks. In *Boardman, Petr.*, 16 R. I. 131, DURFEE, C. J., said it is the duty of a court in construing a will to bear in mind the circumstances under which it was made so as to look at it, as far as possible, from the testator's point of view.

In the case at bar the testator was a very old man; by his will he gave all of his property to descendants of his own blood and his son's wife, unless the shares of stock in the third clause are an exception. The gift of these shares to testator's granddaughter, Sarah S. Smith, was a life estate. The bill of complaint avers that she received during her life only the income from the dividends paid on said shares and that the bank has refused to transfer said stocks until the legal title thereto has been determined by the court.

In view of the detailed description in the will of the land devised and of the express exception of one feather bed from the gift of the household furniture, it is apparent that the testator had in mind the precise amount of his estate. He gave the bulk of his estate to named beneficiaries. There is no provision in the will for a gift to the issue or children of Sarah in the event that Sarah should die leaving issue or children. After reading this will, the conclusion is unavoidable that the testator intended to give his property only to his own blood and to the wife of his son. What, if any, his intention was with respect to the shares of stock in the event that his granddaughter Sarah had any children does not appear. A gift by implication must be founded upon some expression in the will from which such intention can be inferred; it cannot be inferred from an absolute silence on the subject. *Nickerson* v. *Bowly, supra; Jones* v. *Gane*, 205 Mass. 37. We find that there was no gift of any estate, either express or by implication to the adopted

children of Sarah. The word "issue" is not necessarily restricted to children; it may include grandchildren and descendants; if such is the intention of the testator. *Pearce* v. *Rickard*, 18 R. I. 142. So the word "children" may or may not include a child by adoption. Whether it does include an adopted child is determined not by the use of the particular word but by the intention of the testator as ascertained by a study of his entire will. *Union Trust Co.* v. *Campi*, 51 R. I. 76. "Children or issue" may include an adopted child if such is the intention of the testator. *In Re Truman*, 27 R. I. 209. In that case this court held that the intention of the testatrix when legally ascertained must govern. *Hartwell* v. *Tefft*, 19 R. I. 644, is often cited as an authority opposed to the rule applied in other cases that the testator's intention must govern.

An examination of the will in the *Hartwell* case discloses the expressed intention of the testator to extend his bounty to others than those of his own blood. In the preamble of that will, the testator says that "feeling a desire that what I leave may prove a benefit and comfort to my family—and not to them only—but that others may participate with them and be benefited thereby, I have therefore after mature reflection thought proper to make the following disposition of what I leave." The testator left his estate in trust giving a fixed annuity from the income to his wife for life, the remaining income to be paid in fixed percentages thereof to his sons, Edmund and Gorham, his daughters, Rachel and Ann, his granddaughters, Emma Thurber Brown and Emma Thurber, and five per cent thereof to each of three specified charities. After the death of his wife the trustees were directed to pay over to the sons their fixed shares of the estate. The shares of the daughters and granddaughters were to be held in trust and the income to be paid to each for life and at the decease of any of them the trust fund was to be paid to her lawful issue. Any daughter leaving no lawful issue was empowered to dispose of by will one half of her interest in the estate as she wished, the other

half to charitable institutions for the poor in Providence. Either of the married granddaughters dying leaving no lawful issue, the share of such granddaughter in the estate to be divided equally among "my surviving Grand children, and the lawful issue of any of my deceased grand children agreeable to the laws of descent." The testator's wife died in his lifetime and some changes were made by codicil but the general scheme of the will was unchanged. The intention of the testator is clear. He expressly declares that he wishes to extend his bounty to others than those of his own blood and makes express and substantial gifts to charities. In the circumstances, as said by the court in its opinion, as nothing appears in the will to limit the legal import of the word "issue," the word thus used included all descendants; that as the statute of adoption gives to an adopted child the status of a descendant, the adopted child was entitled to the fund.

In the light of the facts above referred to, we think that the decision in the *Hartwell* case is not contrary to the rule of construction that the intention of the testator when ascertained must govern and in so far as the *Hartwell* case is to the contrary, to that extent it must be considered no longer binding as an authority. For a collection of the authorities on the "adopted child as within class in testamentary gift" see 70 A. L. R. 621.

In the construction of a particular will the adjudicated cases are at best but an aid in the solution of the question presented, as each case must be governed by the language used as interpreted in the light of the relevant facts and circumstances. While it is true that the testator is presumed to know the law with respect to adoption, the presumption of such knowledge is one of fact; the weight to be given to the presumption varies according to circumstances.

In the instant case, as already stated, the testator did not intend to include descendants of Sarah S. Smith by adoption. As she died without leaving issue or descendants of the blood of the testator, the shares of stock given by the third

clause belong to the respondents, as the heirs and next of kin of the testator.

A form of decree, in accordance with this opinion, may be presented for entry in the Superior Court.

*Francis J. O'Brien,* for complainants.

*Roscoe M. Dexter,* for respondent Bradford. *Gardner, Moss & Haslam,* for other respondents.