Eva Elmer, complainant,

*v.*

Katherine L. Wellbrook et al., defendants.

[Decided February 2d, 1932.]

*Mr. William J. Blair,* for the complainant.

*Mr. Howard Ewart,* for the defendants.

Berry, V. C.

The bill is for the specific performance of an alleged agreement of adoption. Complainant, the daughter of Ella Hoffmire, now deceased, was born in February, 1883. On July 4th, 1888, her mother, theretofore unmarried, married Martin Wellbrook. Ella died in 1904 and Martin remarried. He died in March, 1929, intestate, leaving an estate valued at

about $20,000 and consisting mainly of real property. He is survived by a widow and four children born to him by his first wife who are the defendants in this suit.

Complainant alleges that Martin Wellbrook induced her mother to marry him by agreeing to take her, the complainant, to his home, adopt her and raise her as his own child. She lived in the household of her mother and stepfather for about twelve years when, at the age of seventeen, she left because of a disagreement with her stepfather. In the meantime, she had taken the name of Ella Wellbrook, had gone to school, and later, married, under that name. There was no legal adoption but complainant was treated with the same care and affection as the other children. Martin referred to her on various occasions as his adopted daughter and told several persons that he had taken her as his own child to bring her up. The only proof of the alleged agreement is the testimony of Mrs. Garrett Newman, who says she was in Ella Hoffmire's home at the time of the marriage proposal and heard Martin say, in answer to a question from Ella's father, who had asked Martin if he was willing to take the child, "yes, I am willing to take her as my own. If I take the mother I am willing to take the child." The same witness was asked; "did he ever say anything about considering her as his own daughter?" She answered, "he never brought that subject up of late years."

Complainant contended in the Ocean county orphans court that she was entitled to share in the personal estate of the decedent on the ground that she was his adopted daughter, but there was a decree against her. By stipulation of counsel the testimony taken in the orphans court was submitted here, without further proof, in support of this bill which alleges that Martin from time to time assured the complainant that she would always receive the same consideration as his own children and that upon his death she would be properly provided for as his own child. There is no evidence, however, of any promise or agreement on the part of Martin to make any provision for the complainant upon his death, which fact distinguishes this case from *Van Tine* v. *Van*

*Tine, 15 Atl. Rep. 249* (not officially reported), and *Van Duyne* v. *Vreeland, 12 N. J. Eq. 142,* upon which the complainant relies.

Complainant asks that she may be decreed to be the owner of and entitled to an equal estate in the property of Martin Wellbrook with the other surviving children. Authority for the denial of her prayer is contained in the opinion of Vice-Chancellor Bentley in *Salomonsson* v. *Olofsson, 105 N. J. Eq. 87* ,in which he says (at *p. 89*) : "It is elementary that an adoption, in order to inherit real estate, can only be accomplished by a compliance with the statute."

In some jurisdictions contracts to adopt not performed by formal adoption proceedings during the life of the adoptive parent will, upon the latter's death, be enforced to the extent of decreeing that the child occupies in equity the status of an adopted child. *27 A. L. R. 1325.* But that rule has not been followed in this state. In *In re Book, 89 N. J. Eq. 509,* Vice-Chancellor Lane said (at *p. 512*) : "Adoption was unknown at the common law, and it has been universally held, in common law states, that the provisions of statutes providing for it, being in derogation of the common law, must be strictly construed." The decree in that case was reversed (*90 N. J. Eq. 549*), but this language was not questioned; on the contrary, Chief-Justice Gummere, speaking for the court of errors and appeals, expressed the same thought. It is true that in *Dusenberry* v. *Ibach's Executors, 99 N. J. Eq. 39,* Vice-Chancellor Lewis said (at *p. 40*) : "There was no formal adoption, but this court may enforce an agreement for informal adoption of a child where there is sufficient consideration to sustain it," citing *Drake* v. *Lanning, 49 N. J. Eq. 452.* But a careful reading of the cited case does not disclose any reference to an agreement to adopt. The parol agreement there sought to be enforced was an agreement by the testatrix to bequeath to the defendant the bond and mortgage sought to be foreclosed, and also sufficient money to pay off a prior mortgage.

The right of the child by adoption to inherit is entirely of statutory origin and that right being in derogation of the

common law, it must be strictly construed and will be denied unless the act of adoption shall have been consummated in strict accordance with the statute. *Dorsell* v. *Vought (Court of Errors and Appeals)*, *89 N. J. Law 303.*

The evidence offered to prove an agreement on the part of Martin Wellbrook to adopt the complainant is meagre, vague and indefinite, and so far as the agreement depends for its validity on the consideration of marriage (of the complainant's mother to Martin) it is unenforceable by reason of section 5 of our statute of frauds. *2 Comp. Stat. p. 2612; Manning* v. *Riley, 52 N. J. Eq. 39; Russell* v. *Russell, 60 N. J. Eq. 282; affirmed, 63 N. J. Eq. 282; Watkins* v. *Watkins, 82 N. J. Eq. 483; affirmed, 85 N. J. Eq. 217; Alexander* v. *Alexander, 96 N. J. Eq. 10.*

I will advise a decree dismissing the bill.