HENRY J. GAUTHIER, APPELLANT

FROM

DECREE OF JUDGE OF PROBATE.

Androscoggin.     Opinion, February 11, 1932.

*Franklin Fisher*, for appellant.
*L. A. Jack*, for appellee.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

PATTANGALL, C. J. · Appellant is an heir-at-law of one Joseph Gauthier and administrator of his estate. George Gauthier, Jr., a grandson of Joseph, claimed an interest in the property as the adopted son of his grandfather and was recognized as such in the order of distribution. Appellant petitioned Probate Court to declare null and void the decree of adoption upon which George Gauthier, Jr. relied and that the decree of distribution be accordingly amended. Petition was denied, appeal followed, hearing on the appeal in the Supreme Court of Probate resulted in dismissal, and the case is before us on exceptions to that dismissal.

The decree relied on by George Gauthier, Jr. was based on a petition signed by his grandfather, which read as follows:

### "STATE OF MAINE.

To the Honorable, the Judge of the Probate Court in and for the County of Androscoggin:

Respectfully Represent Joseph Gauthier of Lewiston in said County, unmarried that he desires to adopt George Gauthier, Jr., child of George Gauthier of Lewiston and Lean Gauthier of said Lewiston which child was born in Lewiston on the twenty-second day of July A.D. 1920, that he is of sufficient ability to bring up and educate said child properly, having reference to the degree and condition of his parents. They further represent that George Gauthier, father of George Gauthier, Jr., is an inmate of the County Jail on a charge of assault with intent to murder his wife, and take his own life and that bail to the amount of $5000 is required for his enlargement, and that the mother of George Gauthier, Jr., is at present on Blake St. in said Lewiston but that she is not in a condition to take care of this boy.

WHEREFORE, Your petitioner prays that leave be granted him to adopt said child with the rights of inheritance as provided by law.

Dated this sixth day of March A.D. 1925.

Joseph Gauthier."

Decree followed:

### "STATE OF MAINE.
Androscoggin, ss.

At a Probate Court held at Auburn, in and for said County, on the 10th day of March in the year of our Lord one thousand nine hundred and twenty-five.

On the foregoing petition of Joseph Gauthier for leave to adopt George Gauthier, Jr., a child not their own by birth, being satisfied of the identity and relationship of the parties,

and of the petitioners' ability to bring up and educate said child properly, having reference to the degree and condition of his parents, and of the fitness and propriety of such adoption, and the written consent required by law having been given thereto;

It Is Decreed that the prayer of said petition be granted, that from the date of this decree said child is the child of said petitioner, Joseph Gauthier.

"Wm. H. Newell, Judge of Probate."

Appellant claims that the above decree is void, alleging that the mother did not consent to the adoption in writing as required by the statute.

Sec. 36, Chap. 80, R. S. 1930 provides that before a petition for adoption is granted "written consent to such adoption must be given by the child, if of the age of fourteen years, and by each of his living parents, if not hopelessly insane or intemperate; or, when a divorce has been decreed to either parent, written consent by the parent entitled to the custody of the child; or such consent by one parent, when, after such notice to the other parent as the judge deems proper and practicable, such other parent is considered by the judge unfit to have the custody of the child."

In order to bring a case within the exceptions to the general rule requiring the consent of both parents, the petition should recite the facts depended upon; and the decree should indicate the findings of the court with regard to the allegations thus set forth. They are jurisdictional facts required by statute and must be distinctly alleged in the petition as the basis of the court's authority to act in the premises; and after decree, a proof of the allegations must be shown by the records of the court. *Tabor* v. *Douglass*, 101 Me., 368. In the absence of such a recitation of facts, it may be assumed that the consent of the mother in writing is necessary.

The decree recites that "the written consent required by law" was given, which is equivalent to a declaration that the written consent of both parents had been procured.

Appellant alleges that the mother did not so consent. No proof in support of the allegation, however, appears in the record. The

record shows that the father did consent and that the mother's signature does not appear on the paper which the father signed; but there is nothing to negative the proposition that she may have filed an independent consent, and the statement in the decree must stand until and unless it is overthrown by evidence.

Appellant relies upon *Tabor* v. *Douglass*, supra, but apparently overlooked an important statement of fact upon which the opinion in that case was predicated; namely, "In this case it is alleged and proved that written consent to the adoption was given by the father of the child alone although the mother was also living at the time."

In the instant case the allegation appears but no proof of its truth. We can not overturn a decree of Probate Court on a mere statement that it contains an incorrect recital of fact. There must be clear and positive evidence in support of such a statement before this Court would be justified in so doing.

*Exceptions overruled.*