HENRY J. GAUTHIER, APPELLANT

*from*

DECREE OF JUDGE OF PROBATE.

Androscoggin.     Opinion October 19, 1932.

*Franklin Fisher*, for appellant.
*L. A. Jack*, for appellee.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   Appellant filed a petition in the Probate Court in Androscoggin County asking that a decree of adoption of one George Gauthier, Jr. be declared null and void, and that a decree of distribution, by which he was recognized as the adopted son and heir of Joseph Gauthier, be amended by striking out his name. The petition was dismissed and on appeal this decree was affirmed in the Superior Court sitting as the Supreme Court of Probate. The case is now before us on an exception to this ruling.

The basis of the petition is that there was no consent by the mother to the adoption, and hence it was invalid. On the original adoption petition the consent of the father alone appeared, but the decree of the Probate Court contained a recital that the written consent required by law had been given. This same situation was

presented to this court on a similar petition filed by appellant. *Henry J. Gauthier, Appellant from Decree of Judge of Probate,* 131 Me., 28, 159 A., 329. The Chief Justice in the opinion in that case said, pages 30-31 : "Appellant alleges that the mother did not so consent. No proof in support of the allegation, however, appears in the record. The record shows that the father did consent and that the mother's signature does not appear on the paper which the father signed ; but there is nothing to negative the proposition that she may have filed an independent consent, and the statement in the decree must stand until and unless it is overthrown by evidence."

In the present case it appears from the testimony that the mother did consent, but the plaintiff claims that the adoption is nevertheless void because the record of such consent does not appear. He cites in support of this contention the following language from the case of *Taber* v. *Douglass,* 101 Me., 363, 370, 64 A., 653, 655: "After decree, proof of the allegation must be shown by the records of the court." The decree itself is, however, a record that the court had such proof. To hold otherwise would mean that the mere loss of such written consent from the files of the court would invalidate a decree upon which the most sacred rights depend. The ruling of the Justice dismissing the appeal was correct.

*Exception overruled.*