ALBERT PAUL BLUE, ET AL.

*vs.*

NESTER MARY BOISVERT

York.    Opinion, February 16, 1948.

*Titcomb & Siddall,*
*Gendron & Gendron,* for petitioners.

*Simon Spill,*
*Lausier & Donahue,* for respondent.

174

Opinion.

Tompkins, J. This cause came to the Supreme Judicial Court on exceptions by the respondent to the decree of the Justice of the Superior Court, in vacation. It is a *habeas corpus* proceeding. The proceeding was founded upon Chapter 113 of the Revised Statutes of 1944, which makes the remedy available to minors restrained of their liberty, on their own application or on the petition of a parent or guardian under Sections 1, 3 and 4 of said Chapter. The case is not without its difficulties.

The essential facts on which it is grounded are as follows: The petitioners claim to be the adoptive parents of the child, Robert Roland Boisvert, and that he is acting through the adoptive parents. The respondent is the mother and natural guardian, over whose objection the decree of adoption was made. Unfortunately the testimony was not reduced to writing, and the exceptions before the court relate solely to alleged errors of law in the decree of adoption and the *habeas corpus* proceedings. The exceptions to petition, the writ of *habeas corpus,* the return, the decree, attested copies of docket entries and adoption of Robert Roland Boisvert filed in the York County Probate Court by Albert Paul Blue and Viola Rita Blue dated May 14, 1946, the order of personal service thereon, attested copy of the decree, motion for dismissal of the petition of Nester Mary Boisvert, attested copy of the decree of the Probate Court in the county of York dated October 29, 1946, on the aforesaid petition for adoption, attested copy of motion and appointment of Nester Mary Boisvert guardian *ad litem* and next friend and the acceptance thereof under date of October 31, 1946, attested copy of the petition for adoption of Robert Roland Boisvert by Rose Alma Shaw dated Feb. 28, 1946, order of notice thereon and decree dismissing the same, dated October 29, 1946, and the stipulation that no appeal

bond was filed by Nester Mary Boisvert (the stipulation is not set forth in the case as it is not necessary to pass upon its contents, as will be disclosed later in the opinion) constitutes the entire record in the case.

From the record and finding of the Judge it appears that Nester Mary Boisvert obtained a decree of divorce from Raymond Boisvert on October 25, 1945, on the ground of gross and confirmed habits of intoxication, and the exclusive custody of their minor children Robert Roland and David James Boisvert was given to her; that Robert Roland Boisvert is alleged in the petition for adoption to have been born at Sanford on October 10, 1938; that on February 26, 1946, Rose Alma Shaw, maternal grandmother of the child, petitioned the Probate Court in York County for leave to adopt him; that Nester Mary Boisvert, mother, consented to this adoption and signed the consent clause. The court ordered this petition dismissed on October 29, 1946; that on May 14, 1946 Viola Rita Blue, paternal aunt, and Albert Paul Blue, her husband, both of Mesa in the county of Maricopa and State of Arizona, petitioned the same court for leave to adopt this child, with right of inheritance, and that the name of the child be changed to Roland Joseph Blue. Their petition stated that the father of said child "has indorsed this petition and given his consent to the adoption therein proposed;" and "that the mother, having custody of said child under and by virtue of the decree of the Superior Court within and for said county of York, is unfit to have the custody of said child; that both parents have abandoned said child and ceased to provide for its support." Personal service was ordered to be made on the mother. Whether this notice was ever served or not does not appear in the record, but the record discloses that the mother appeared by her attorney and filed a motion that the petition for adoption be dismissed, alleging, among other things "That under and by virtue of the decree of divorce of the Superior Court within and for the county of York held at Alfred, at the October, 1945, term thereof, the said Nester Mary Boisvert was

granted the care and custody of said Robert Roland and David James Boisvert, both minors under the age of fourteen years; and that the said Nester Mary Boisvert has not given written consent to the petition for adoption of Robert Roland Boisvert dated May 14, 1946, filed by Albert Paul Blue and Viola Rita Blue." This motion for dismissal was filed July 18, 1946, and upon hearing on the 29th day of October 1946 the petition was overruled and dismissed by the Judge of Probate for said county.

The petition filed by Viola Rita and Albert Paul Blue for leave to adopt with change of name and rights of inheritance was granted by the Probate Court on October 29, 1946, and the Judge of Probate found the mother "Unfit to have the custody of the (child) Robert Roland Boisvert" and both parents to "have abandoned said child and ceased to provide for its support." On the 31st day of October 1946 the mother filed a motion asking to be appointed guardian *ad litem* and next friend of Robert Roland Boisvert, and the motion was granted and she was appointed. On the 15th day of November following she filed an appeal from the decree of adoption setting forth that "She is interested as mother and next friend of Robert Roland Boisvert," that "She is aggrieved" by the decree of adoption and that "She hereby appeals therefrom," claiming her appeal to the Supreme Court of Probate, and filed her "Appeal and reasons for appeal" but filed no appeal bond. Thereupon the adoptive parents claiming that the appeal was not properly perfected and consequently was void and completely inoperative, and that the time limit had expired, thus making the decree of adoption final and absolute, brought this *habeas corpus* proceeding asking that the child be ordered delivered to them; that the court so found and ordered that the child be "Forthwith delivered to Albert P. Blue and Viola Rita Blue in accordance with the decree of adoption issued by the Probate Court on October 29, 1946." The respondent thereupon filed the exceptions which are before the court. The exceptions are six in number.

The first exception contends that the court erred in ruling and finding that the appeal "Was not properly taken."

Second, the court erred in that it failed to determine and declare whether the judgment of the Probate Court was valid or void, which finding the court had to make in order to determine the legal status of the petitioners in their relationship toward the said minor child.

Third, the decree of adoption of the Probate Court was void because the mother of the minor child did not give written consent to such adoption, she having sole care and custody by virtue of the unannulled and unreversed decree of divorce, and that the Probate Court neglected to make a ruling on the motion to dismiss the petition, and that the justice hearing the *habeas corpus* writ erred in disregarding the aforesaid decree of divorce, and in disregarding the lack of the written consent of the mother, required by law.

Fourth, that the decree of adoption of the Probate Court is void in that its decree found that both parents had abandoned the child and ceased to provide for his support, and which, if so, would require consent to be given by the legal guardian as required by law, and in disregarding the lack of written consent the court failed and erred.

Fifth, that the court erred as to a matter of law for that it failed to determine what would be the paramount welfare and interest of said child, Robert Roland Boisvert, inasmuch as this was an *habeas corpus* proceeding wherein the welfare of the child was involved, and wherein the petitioners did not have an absolute vested right in his custody.

The sixth exception is omitted because it was not pressed by the respondent in her argument to the court.

The question here involved is whether the court erred on any one or more of the points raised by exception. The petitioners in the *habeas corpus* proceedings claim that there was no error made by the court in any of the points raised by the exceptions.

The answer to the second, third and fourth exceptions, which we will first consider, depends upon the interpretation of the adoption statute, Sec. 36 of Chap. 145 of the Revised Statutes of 1944 as amended by Chap. 60 of the Laws of 1945. The section as amended reads as follows, quoting only those parts deemed applicable to this case: "Before such petition is granted, written consent to such adoption must be given by the child if of the age of fourteen years, and by each of his living parents, if not hopelessly insane or intemperate; or, when a divorce has been decreed to either parent, written consent by the parent entitled to the custody of the child, personal notice of such petition to be given to the other parent if within the jurisdiction of the court, or if beyond the jurisdiction of the court, or the residence is unknown, such notice as the judge deems proper; or such consent by one parent, when, after such notice to the other parent as the judge deems proper and practicable, such other parent is considered by the judge unfit for the custody of the child. If there are no such parents, or if the parents have abandoned the child and ceased to provide for its support, consent may be given by the legal guardian; if no such guardian, then by the next of kin in the state; if. no such kin, then by some person appointed by the judge to act in the proceedings as the next friend of such child . . . . . Provided, however, if only one of such parents has abandoned the child and ceased to provide for its support, consent may be given by the parent who has not abandoned the child."

The adoption of a minor child and the giving of it in adoption to persons other than its natural parents, is a procedure and creates a status unknown to the common law. Being of purely statutory origin, a legal adoption results if the statutory procedure is followed but fails if any essential requirement of the statute is not complied with. *Taber* v. *Douglas*, 101 Me. 363; *Keal* v. *Rhydderck*, 317 Ill. 231; *Appeal of Goshharen*, 148 A. 379; *Smith* v. *Smith*, 180 Pac. (2nd) 853.

"Courts of Probate are wholly creatures of the statutes of the legislature and are tribunals of special and limited jurisdiction. It is true that when all of its proceedings have been regular with respect to any matter within the authority conferred upon it by law, the decrees of the Probate Court, when not appealed from are conclusive upon all persons and cannot be collaterally impeached. It is equally well settled in this State that jurisdiction of the subject matter alone is not sufficient to establish the validity of its decrees. If the preliminary requisites and the course of proceedings prescribed by law are not complied with, jurisdiction does not attach and the decree will be, not voidable, but void. The petition in this court is the foundation upon which to base its jurisdiction and it must allege sufficient facts to show the authority and power of the court to make the decree prayed for. The record of its proceedings must show its jurisdiction." *Taber* v. *Douglas, supra; Cummings Applt.*, 127 Me. 418. "The fact that a court of probate in giving judgment passed upon the question of jurisdiction, does not preclude courts of common law from inquiring into the jurisdictional facts collaterally and declaring the judgment of the Probate Court valid or void as they shall find the facts true or false." *Taber* v. *Douglas, supra.*

As adoption is in derogation of the common law right of the parent, consent of the natural parents is generally required and is a most important item of adoption proceedings. Our statute requires it, to make the adoption legally effective, unless the case falls within one of the exceptions, and an act of adoption without the required consent is null and void. *Taber* v. *Douglas, supra; Jackson* v. *Spellman,* 28 Pac. (2nd) 125; 2 C. J. S., Adoption, Par. 21, page 383.

Did the adoption proceedings follow the adoption statute? The adoption proceedings fall outside of the first class described in said Section 36 because the minor was under fourteen years of age and his consent was not required, and "Each of his living parents were not hopelessly insane or

intemperate." It does not fall within the second class because there has been a divorce and the mother was awarded the custody of the minor, but she gave no consent, as required by the statute, and actively opposed the adoption. The third class requires consent of one parent, with notice to the other parent, and such other parent is considered unfit to have the custody of the child. The petition alleges that both parents had abandoned the child and the Judge of Probate so found. He also found that the mother was unfit to have the custody of the child.

Now the fifth provision of said section provides "If only one of such parents has abandoned the child and ceased to provide for its support, consent may be given by the parent who has not abandoned the child," which would clearly indicate that the parent abandoning the child could not give the consent required under class three. The third class is not applicable. Neither is the fifth class applicable because the Judge of Probate found that both parents had abandoned the child. This conclusion is further strengthened by the fourth provision, which provides "If the parents have abandoned the child consent may be given by the legal guardian; if no such guardian, then by the next of kin in the state; if no such kin, then by some person appointed by the judge to act in the proceedings as next friend of such child." The fourth class does not apply because there was no consent by legal guardian, next of kin in the state, or by some person appointed by the judge to act in the proceedings as next friend of such child. In this case the mother, who had the custody under the decree of divorce, and was the one designated by the statute to give consent, did not do so. The Judge found both parents had abandoned the child. Then neither could give consent. In that case the fourth provision of Section 36 applied. If there was a legal guardian his consent was necessary. "If no such guardian the consent of the next of kin in the state; if no such kin then by some person appointed by the judge to act in the proceedings as the next friend of such child."

Because of "The conclusiveness and far-reaching effect of an adoption decree, and that it is not a mere custody decree like a guardianship or other similar proceedings, every consideration of fairness to the natural parent dictates that the provisions of our statutes prescribing the conditions under which their consent may be dispensed with should receive strict construction." In re *Privette,* 185 N. E. 435; *Smith* v. *Bradford,* 154 A. 272; In re *Lease,* 99 Washington 413, 169 Pac. 816; *Watts* v. *Dull,* 184 Ill. 86; *Elmer* v. *Wilbrook et al.,* 158 A. 760; *Jackson et. ux.* v. *Spellman,* 28 Pac. (2nd) 125. The consent required by the statute was not obtained, the procedure pointed out by the statute was not followed, jurisdiction did not attach, decree of adoption was null and void and conferred no rights upon the plaintiffs.

Having determined that the decree of adoption is void it is unnecessary to consider the first exception. The action of the Probate Court being null and void there was nothing from which to appeal. This brings us to the exceptions growing out of the *habeas corpus* proceedings brought by the plaintiffs for the custody of the child. While the writ of *habeas corpus* was originally limited to cases of restraint under color or claim of law, and was not originally intended to try the right of custody of infants, it has generally been extended to and generally made use of in controversies touching such custody. C. J. S. Vol. 39, *Habeas Corpus,* Par. 41, page 568; *Merchant* v. *Bussell,* 139 Me. at 121.

In cases of this nature there are three interests to be considered, the parent, the state, the child, and of these three interests that of the child is paramount. *Merchant* v. *Bussell, supra.* The fifth exception by the defendant alleges "That the court erred as a matter of law for that it failed to determine what would be the paramount welfare and interest of the child . . . . . inasmuch as this was a *habeas corpus* proceeding wherein the petitioners did not have an absolute vested right in his custody."

The plaintiffs represent themselves in their petition in the *habeas corpus* proceedings as the adoptive parents of the

child and as acting for the minor. The right of a parent to the custody of a minor child is not an absolute right. *Merchant* v. *Bussell,* 139 Me. 119; *Grover* v. *Grover,* 143 Me. 34; 54 A. (2nd) 637. Blood relatives, as such, have no absolute right to the custody of the child. *Grover* v. *Grover, supra.* Inasmuch as the rights of a parent or blood relative to the custody of a minor child are not absolute, these plaintiffs, if they were the adoptive parents, which we have just decided they were not, would have no absolute right of custody. They were not, however, without a blood tie with the minor for the record discloses that Mrs. Blue was his paternal aunt. This does not aid them so far as "absolute right" is concerned. *Grover* v. *Grover, supra.*

Section 16 of Chapter 153 of the Revised Statutes provides "That the father and mother are the joint natural guardians of their minor children and are jointly entitled to the care, custody and control . . . . . of such children." Section 20 of the Chapter provides that the provisions of this section shall not "Abrogate any power or jurisdiction now vested in any court over the care and custody of minor children." Section 69 of the same Chapter provides that "The court making the decree . . . . . of divorce, or any justice thereof in vacation, may also decree concerning the care, custody and support of the minor children . . . . . and may alter its decree from time to time as the circumstances require." The mother has been awarded the unqualified custody of the minor by the decree of divorce. True "The court making a decree of divorce, or any justice thereof in vacation may also decree concerning the care, custody and support of minor children . . . . . and also alter its decree from time to time as cimcumstances require." The decree was in full force at the time of the hearing. In view of Section 69 of the statute above cited it was ambulatory custody subject to be altered by the court or any justice in vacation, the court in divorce proceedings always retaining the power on proper petition to change the custody and control of the minor children of divorced parents. *White* v. *Shalit,* 136

Me. 65. The decree "Unless modified or set aside . . . . . awarding the custody of the child is conclusive as to all questions affecting the matter existing at the time it was rendered . . . . . The decree does not, however, preclude further action by the court on a change of circumstances arising after the decree." C. J. Vol. 19 through Par. 808.

"The decree in a divorce suit awarding the custody of a child to one of the parties fixes the status of the child as between the parties until modified or set aside for cause shown in some subsequent or supplemental proceedings in the same cause, and cannot be disregarded in a subsequent proceeding by *habeas corpus* to obtain possession of the children." *State ex rel Wookey* v. *Elifritz,* 160 N. W. 113 and cases there cited. The parents are the natural guardians of their minor children, and while, as we have previously stated, it is the best interest of the child that must be considered, the following observation made by the court in *Norvall* v. *Zinsmaster,* 77 N. W. 373 seems pertinent: "The court has never deprived a parent of the custody of a child merely because, on financial or other grounds, a stranger might better provide. The statute declares and nature demands that the right shall be in the parent, unless the parent is affirmatively unfit. The statute does not make the judges the guardians of all the children in the state, with the power to take them from their parents—so long as the latter discharge their duties to the best of their ability—and give them to strangers because such strangers may be better able to provide what is already well provided." *Ex parte Hoines* 112 A. 613 to the same effect.

The finding of the court in the *habeas corpus* proceeding was as follows: "The Court therefore finds that appeal was not properly taken and the statutory period in which the appeal may be taken having expired, the original decree of adoption granted by the Judge of Probate must stand, and there is nothing now before the Court. Unquestionably the mother, Nester Mary Boisvert, attempted to take an appeal in good faith from the decree of the Judge of Probate. This,

however, she failed to do. Inasmuch as the proceeding is purely statutory, the provisions of the statute must be strictly complied with. It is therefore ordered, adjudged and decreed that the body of Robert Joseph Blue be forthwith delivered to Albert Paul Blue and Viola Rita Blue, in accordance with the decree of adoption issued by the Probate Court October 29th, 1946."

In this case the legal custody of the child belonged *prima facie* to the mother, its parent under the decree of divorce. It is generally held in such cases, all things being equal, the right of the mother to her child is superior to that of all other persons. "Each case presents a different problem which cannot be solved by a fixed and inflexible rule. In determining the delicate and often perplexing question of the custody of a child as between mother and third persons, it is incumbent upon all who are bound to decide such question to proceed with caution and to act only upon clear proof, lest, in a given case, violence be done to the tie of nature that binds mother and child." *Ex parte DesMarais*, 42 A. (2nd) 893. To the same effect *Merchant* v. *Bussell, supra*.

As we have previously decided, the decree of adoption was null and void. The court, however, hearing the case decided it purely upon the fact that the appeal from the adoption was not properly taken, and "The statutory period in which the appeal may be taken having expired the original decree of adoption granted by the Probate Court must stand, and there is nothing now before the — court," and he thereupon ordered that "The body of Robert Joseph Blue be forthwith delivered to Albert Paul Blue and Viola Rita Blue in accordance with the decree of adoption issued by the Probate Court October 29, 1946." The paramount interest of the child was not considered. The court considered only the fact that the petitioners were the adoptive parents and that their right to custody was absolute because of the decree of adoption issued by the Probate Court. This was the ground on which the petitioners based their right to the custody of the minor in their petition praying for the issuance

of the writ of *habeas corpus*. As we have previously demonstrated, that decree was void. The divorce decree stands. The decree of divorce has decided the custody of the minor. The learned justice was in error. The petitioners are not entitled, on the case made out by them, to take this child from the custody of the mother. Exceptions must be sustained.

*Exceptions sustained.*
*Writ quashed.*