**In re BICH THI NGUYEN.**

Supreme Judicial Court of Maine.

Nov. 14, 1979.

Susan Calkins (orally), Pine Tree Legal Assistance, Inc., Portland, for Khuyen thi Nguyen.

Walter E. Brown, Jr. (orally), Gray, for Ronald and Frances Ainaire.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

On August 26, 1976, the Probate Court of Cumberland County, on the petition of Ronald and Frances Ainaire, respondents-appellees herein, decreed the adoption by the Ainaires of the child Bich Thi Nguyen, then nine years of age. Some months later Khuyen Thi Nguyen, petitioner-appellant herein, brought before the same court a petition to annul that adoption decree and a request for custody of the child, alleging that "[p]etitioner . . . is the natural mother of Bich."[1] The Probate Court denied her petition to annul, and Khuyen appealed to the Superior Court sitting as the Supreme Court of Probate.

On petitioner's appeal the sole question before the Superior Court was whether the adoption decree of August 26, 1976, should be annulled. The applicable adoption consent statute, 19 M.R.S.A. § 532 (Supp.1978),[2] required prior consent to any adoption by *one* of the following: the child's parent or parents; and if no parents, then a person or agency having custody of the child or the child's legal guardian; and if no such agency or guardian, then "by some person appointed by the judge to act in the proceedings as the next friend of such child." The parties had stipulated: "No consent was given by any relative, guardian, agency or person appointed by the Court." Because the statute had not been complied with, the Probate Court lacked jurisdiction to enter a valid decree of adoption and the challenged decree was void. *Blue v. Boisvert,* 142 Me. 173, 57 A.2d 498 (1948); *Taber v. Douglass,* 101 Me. 363, 64 A. 653 (1906). The Superior Court sitting as the Supreme Court of Probate correctly held that the Probate Court should have annulled its earlier adoption decree.

To the extent the Superior Court decided or purported to decide any legal question going beyond its order of annulment, such decision was unnecessary to the disposition of the probate appeal before it. Accordingly, we sustain petitioner's appeal from those further decisions of the Superior Court.

---

1. As to petitioner's request for custody, her later stipulation that she is *not* the natural mother of Bich divested the court of jurisdiction to hear the matter. *Cf. Legault v. Levesque,* 150 Me. 192, 107 A.2d 493 (1954). In the face of petitioner's present stipulation, we cannot recognize the validity of, nor give any effect to, the extract of a 1967 Vietnamese decree offered in evidence below. The record contains the uncontradicted expert opinion of a former Vietnamese judge that the decree was intended to be a substitute for a certificate of Bich's birth as the child of Khuyen, and not a decree of any other, nonblood relationship.

2. Subsequently repealed and replaced by P.L. 1979, ch. 391, effective September 14, 1979.

We vacate the judgment of the Superior Court and remand the case to that court for entry of "such decree thereon as the judge of probate ought to have passed." *See* 4 M.R.S.A. § 406 (1979). The annulment proceeding commenced by petitioner-appellant in the Probate Court is thus brought to a conclusion.

The entry will be:

Appeal sustained.

Judgment of the Superior Court, sitting as the Supreme Court of Probate, dated March 30, 1979, vacated.

Remanded to the Superior Court for entry of the following judgment: "The petition to annul the adoption of Bich Thi Nguyen decreed by the Probate Court on August 26, 1976, is granted, and said decree is hereby annulled. Case remanded to the Probate Court for entry of this final decree."

Costs on appeal allowed to appellant.

GLASSMAN, J., did not sit.