**In re ADOPTION OF G.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1985.

Decided Jan. 9, 1986.

Hardy Wolf & Downing, P.A., Fredda F. Wolf, (orally), Sheldon J. Tepler, Lewiston, for Richard M.

Charles R. Bean, Scarborough, for Darlene G.

Robinson, Kriger & McCallum, Robert C. Robinson, (orally), Portland, for Marion P. and Laura P.

Daniel P. Barrett, Portland, Guardian ad Litem.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The petitioner, Richard M., and his wife, Brenda M., appeal an order and decree of the Androscoggin County Probate Court that granted a petition for the adoption of Baby Girl G. filed by Marion P. and his wife, Laura P. On appeal, Richard M., the putative father, asserts that the court, having found that he had established parental rights, erred in failing to follow the correct procedures in terminating those rights. *See* 19 M.R.S.A. §§ 532–A, 532–C (1981 & Supp.1985–1986); 22 M.R.S.A. §§ 4050–4057 (Supp.1984–1985). In their timely cross-appeal, Marion and Laura P. challenge the court's finding that Richard M. appeared in a timely manner pursuant to section 532–C and had standing to attempt to establish parental rights to the child. Because we conclude that the Androscoggin County Probate Court was without jurisdiction to enter a decree of adoption, we vacate the decree.

I.

On February 5, 1984, a twenty year-old unmarried woman gave birth to Baby Girl G. in a Brunswick hospital, located in Cumberland County. The mother resided in Brunswick at the time of the child's birth. The next day, the mother executed an Affidavit of release and an Affidavit regarding the putative father in order to comply with the requirements of 19 M.R.S.A. §§ 532–A, 532–C. On February 7, 1984, pursuant to 19 M.R.S.A. § 532(4) (1981), the mother appeared before the judge of the Androscog-

gin County Probate Court to consent to the adoption of her child by Marion P. and Laura P. The judge determined that the mother knowingly consented to the termination of her parental rights. In accordance with paragraphs 1 and 2 of section 532–C, the probate judge also examined her Affidavit regarding the putative father. After his examination, the judge attested the affidavit.[1] Soon thereafter, Marion and Laura P. took custody of the child and proceeded to their home in Connecticut.

On February 13, 1984, Marion and Laura P., residents of the State of Connecticut, presented to the Cumberland County Probate Court their petition for adoption of Baby Girl G. together with the mother's Affidavit regarding the putative father. The judge of the Cumberland County Probate Court apparently signed an order granting the petition. With the subsequent awareness of the applicability of the requirement that a Maine Department of Human Services investigation be completed before this adoption could be ordered,[2] the judge, later that afternoon, gave instructions to delete his signature from the order granting the adoption.

On February 23, 1984, the Cumberland County Probate Court received a letter from Richard M.'s attorney, asserting that Richard M. was the father of Baby Girl G. and that he had not received notice in regard to any adoption proceeding. The letter requested an opportunity to be heard. The court subsequently notified Richard M. that a petition for adoption had been filed. On February 28, 1984, Richard M.'s attorney filed a letter in the Cumberland County Probate Court stating that Richard M. intended to adopt the child. On March 2,

1984, Richard M. and Brenda M., both residents of Oxford County, filed a petition for adoption of Baby Girl G. in the Cumberland County Probate Court.[3]

On June 11, 1984, the judge of the Cumberland County Probate Court granted Richard M.'s motion for a change of venue to the Androscoggin County Probate Court. The judge of the Androscoggin County Probate Court held three hearings and determined that Richard M. had standing to attempt to qualify as a putative father pursuant to section 532–C. On March 5, 1985, the judge of the Androscoggin County Probate Court issued his findings. He determined that Richard M. was the biological father of Baby Girl G. He concluded, however, that the best interests of the child required that Marion and Laura P.'s petition for adoption be granted. On March 12, 1985, the Androscoggin County Probate Court entered a Decree of Adoption granting Marion and Laura P.'s petition. It is from that decree that the petitioners Richard and Brenda M. appeal. At oral argument, we raised the issue whether the Androscoggin County Probate Court had jurisdiction to enter a decree on a petition for adoption filed in the Cumberland County Probate Court. At our request, both parties submitted supplemental briefs. We conclude that the Androscoggin County Probate Court lacked jurisdiction to enter a decree of adoption in this case.

## II.

■ The Probate Courts in Maine are statutory courts of special and limited jurisdiction. *See, e.g., Thaxter, Appellant,* 154 Me. 288, 291, 147 A.2d 126, 128 (1958); *see also Opinion of the Justices,* 412 A.2d

---

1. The mother's affidavit stated that the father was unknown, not named in the birth record, had not provided or attempted to provide support and had not been involved or attempted to be involved in a family relationship. The judge determined that the putative father was not entitled to notice. As a result, the putative father's consent was not required for an adoption to occur. *19 M.R.S.A. § 532(2)(B) (1981).*

2. An investigation by the Department of Human Services must be completed before an adoption may be decreed if the adoptive parents are not blood relatives of the child to be adopted. *See* 19 M.R.S.A. § 533 (Supp.1985–1986).

3. On April 10, 1984, after the Cumberland County Probate Court appointed counsel for the mother and a guardian ad litem for Baby Girl G., Laura P. returned to Maine with the child and began living in Brunswick.

958, 981 (Me.1980). As statutory courts, each probate court may hear and determine only those matters authorized by statute and brought to it in accordance with statutory procedure. *Cf. Harris Baking Co. v. Mazzeo,* 294 A.2d 445, 451 (Me.1972). Their special jurisdiction is defined by the provisions of Chapter 7 of Title 4 of the current Revised Statutes. Title 4 M.R.S.A. § 251 (1979) provides in part that each judge of a probate court "may grant leave to adopt children." The more specific provisions of our statutes relating to the adoption of children are found in Chapter 9 of Title 19. *See* 19 M.R.S.A. §§ 531–538 (1981 & Supp.1985–1986).

Section 531 provides:

> **Persons who may adopt**
>
> Any husband and wife jointly, or any unmarried person, resident or nonresident of the State, may petition *the Probate Court* to adopt a person, regardless of age, and for a change of his name. The fee for filing the petition shall be $10. *Jurisdiction to grant the adoption* and change of name *shall be in the county where the person to be adopted lives or the county where the petitioner resides or the petitioners reside* or in the county in which the placing agency having custody of the child is located.

(emphasis added).

Because the authority of a probate court is purely statutory, we have long recognized that a particular probate court's power to decree an adoption "fails if any *essential* requirement of the statute is not complied with." *In re David,* 256 A.2d 583, 586 (Me.1969) (emphasis in original); *see also Blue v. Boisvert,* 143 Me. 173, 178, 57

A.2d 498, 501 (1948); *Taber v. Douglass,* 101 Me. 363, 367–68, 64 A. 653, 655 (1906).[4]

It is undisputed that the jurisdictional requirements of section 531 have not been met here. At no time did Baby Girl G. live in Androscoggin County nor did any of the petitioners reside in Androscoggin County. No placing agency is involved.

Petitioners Marion and Laura P. nevertheless contend that the Androscoggin County Probate Court had jurisdiction to enter an adoption decree. Their arguments are without merit. First, a petition for adoption is not a proceeding under the Probate Code, *see* 18–A M.R.S.A. §§ 1–101 to 8–401 (1981 & Supp.1985–1986), but is one governed by 19 M.R.S.A. § 531. *Compare* 18–A M.R.S.A. § 1–302(a). Thus, the provisions of 18–A M.R.S.A. § 1–303(c) are inapplicable.[5] Second, it is irrelevant that the mother earlier appeared before the judge of the Androscoggin County Probate Court pursuant to 19 M.R.S.A. § 532–C. Section 532–C only requires that the mother of an illegitimate child execute an affidavit before *a* judge of probate so that the judge can determine whether the putative father is entitled to notice. *See* 19 M.R.S.A. § 532. It does not confer jurisdiction on that particular probate court to grant a petition for adoption. Third, neither the parties nor a judge of a probate court can confer or waive jurisdictional requirements because "[j]urisdiction is the essential basis upon which all court powers rest." *Fletcher v. Feeney,* 400 A.2d 1084, 1089 (Me. 1979); *cf. Green v. State,* 245 A.2d 147, 150 (Me.1968).

---

4. The legal adoption by one person of the offspring of another is a procedure, and creates a status, unknown to the common law. As a result, the practice of adoption exists only by virtue of statute, first provided for in Maine in 1855. *See* P.L. 1855, ch. 189; *see In re Williams,* 154 Me. 88, 90, 144 A.2d 116, 117 (1958).

5. Section 1–303(c) provides:

   If a court finds that in the interest of justice a proceeding or a file should be located in another court of this State, the court making the finding may transfer the proceeding or file to the other court.

   Change of venue principles are otherwise inapplicable to these proceedings because Maine does not have a single unified state-wide Probate Court. Unlike the Superior and District Courts, there is a separate and distinct Probate Court for each of the sixteen counties of the State. *Compare* 4 M.R.S.A. §§ 101, 105, 151, 152 (1979 & Supp.1985–1986) *with* 4 M.R.S.A. §§ 201, 251 (1979); *see generally Opinion of the Justices,* 412 A.2d 958, 981–82 (Me.1980).

A probate court can only issue a decree granting an adoption if the statutorily imposed jurisdictional requirements provided for in section 531 are met. Because those requirements are not met here, the proceedings and decree issued by the Androscoggin County Probate Court are null and void. *See Legault v. Levesque*, 150 Me. 192, 193–94, 107 A.2d 493, 495 (1954); *see also Blue v. Boisvert*, 143 Me. at 181, 57 A.2d at 502.

The entry is:

Decree vacated.

Remanded to the Androscoggin County Probate Court with instructions to remit the case to the Cumberland County Probate Court with further instructions to that court to vacate its order changing venue and to reinstate the petitions to its docket.

All concurring.