GRACE M. HARMON

*vs.*

JOHN T. FAGAN, EXECUTOR OF THE WILL OF ELLEN E. BIBBER.

Cumberland.     Opinion April 10, 1931.

*Hinckley, Hinckley & Shesong,* for plaintiff.
*Thomas L. Talbot,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J.   The complainant, having failed to prosecute her claim against the estate of the testatrix either at law or before commissioners on disputed claims within twenty months after the executor qualified, brings this action for equitable relief under R. S. (1916), Chap. 92, Sec. 22. The case comes forward on report.

The record discloses that March 1, 1927, John T. Fagan, Esquire, was duly appointed and qualified as executor of the will of Ellen E. Bibber, late of Portland, deceased. April 5, 1927, the complainant presented to the executor in writing a claim for $10,000 for services rendered the testatrix in her lifetime. March

26, 1928, the executor, disputing the claim, petitioned for the appointment of commissioners to determine what amount, if any, should be allowed on the claim. Notice to the claimant having been acknowledged, under order of April 2, 1928, the Judge of Probate, having jurisdiction over the settlement of the estate, appointed commissioners and issued his warrant ordering them to report on or before June 5, 1928, following.

R. S. (1916), Chap. 68, Sec. 55, as amended, in effect at that time, provides:

"When one or more claims against the estate of a person deceased, though not insolvent, are deemed by the executor or administrator to be exorbitant, unjust or illegal, on application in writing to the judge of probate, and after notice to the claimants, the judge, if upon hearing, he is satisfied that the allegations in said application are true, may appoint two or more commissioners, who shall, after being duly sworn, and after notifying the parties as directed in their commission, meet at a convenient time and place, and determine whether any and what amount shall be allowed on each claim, and report to him at such time as he may limit. Sections five, six, seven, eight, twelve, thirteen, fourteen, sixteen and seventeen of chapter seventy-one, apply to such claims, and the proceedings thereon. No action shall be maintained on any claim so committed, unless proved before said commissioners; and their report on all such claims shall be final, saving the right of appeal."

For reasons that do not appear, the commissioners appointed in this case were never sworn, neither met nor gave the claimant notice of a meeting and made no report on or before the time limited therefor in their "warrant," as their commission of appointment is termed in our probate practice. Sometime in the following summer, the executor reached the conclusion that the time originally limited for the commissioners' report could not be extended, and the complainant's claim must be adjudicated by commissioners appointed on a new petition. October 3, 1928, the executor, having prepared such a petition, inclosed it in a letter to the complainant, informing her that the original appointment of commissioners had

expired on June 5, 1928, a new appointment must be made and that an acknowledgment of service of the inclosed petition and its return would result in prompt action on the claim.

The complainant referred this letter and the new petition to her attorney. Numerous conferences between the executor and the attorney followed, continuing until late into the fall. The executor insisted upon a new appointment of the original commissioners. The complainant's attorney demanded one new commissioner. At some time, the exact date not clearly appearing, the executor indicated his inability to consent to a change of commissioners without the consent of an heir then out of the state. Finally, on January 9, 1929, the attorney, having in the meantime held the second petition in his possession, delivered it to the executor and terminated conferences concerning it.

May 2, 1929, following, the executor not having presented the second petition for commissioners to the Probate Court, the complainant filed a petition in that court setting forth the facts and circumstances attending the original commitment of her claim to commissioners and their failure to act, with a prayer for an extension of the time limited for action and report in their original warrant. This petition was denied on June 6, 1929, and no appeal was taken. This Bill, dated June 17, 1929, followed.

Chap. 71, R. S. 1916, provides for the appointment of commissioners to pass upon claims against insolvent estates of deceased persons. The sections of this chapter, incorporated by reference into Chap. 68, Sec. 55, regulate the procedure to be followed upon commitment of claims to commissioners in both proceedings. Claims must be presented in writing, supported by affidavit of the claimant or of some person cognizant thereof, stating what security the claimant has, if any, and the amount of credit to be given according to his best knowledge and belief. Commissioners may require a claimant to be sworn and may examine him upon his claim. If the claimant refuses to submit to such an examination, his claim shall be rejected. The various other rules of procedure common to both proceedings are not here involved and need not be discussed.

Under R. S. (1916), Chap. 92, Sec. 15, no action can be maintained against an executor or administrator on a claim or demand

against the estate, with certain exceptions not here concerned, unless commenced and served within twenty months after his qualifications. In the instant case, the executor qualified March 1, 1927, and, unless this limitation was extended, action on the complainant's claim was barred November 1, 1928. At that time, she had neither commenced an action at law nor presented her claim to the commissioners.

It is well settled that, when a disputed claim is committed to commissioners, jurisdiction over the claim is taken from the Common Law Courts and conferred upon the Probate Courts. The commitment is effective when service of the petition of the executor therefor is made upon or acknowledged by the claimant. Thereafter, the claimant's only option is to submit the claim to the commissioners. *Shurtleff* v. *Redlon*, 109 Me., 62. The commissioners' adjudication and report on the claim are final and every item passed upon by them becomes *res adjudicata* if no appeal is taken. *Rogers* v. *Rogers*, 67 Me., 456.

It is equally well settled that the jurisdiction of the Probate Court does not attach to a disputed claim if it is not committed to commissioners until after action upon it is barred by the special statute of limitation. One having a disputed claim against an estate, may commence an action at law against the executor or administrator at any time within the period limited for such actions and before service of a petition for the appointment of commissioners on the claim. And, unless such petition is served within the time limited by the special statute, the jurisdiction of the Probate Court does not attach, and subsequent proceedings on the claim in that court are void. *Shurtleff* v. *Redlon*, supra; *Whittier* v. *Woodward*, 71 Me., 161.

In the case at bar, however, a new question arises. Here the creditor's claim, being disputed by the executor was committed to commissioners and the jurisdiction of the Probate Court attached within the twenty-month period allowed for the commencement and service of an action, but the commissioners failed to qualify or act thereon and the creditor failed to present her claim to them within that period. Is the limitation of the special statue thereby extended?

If an estate is represented insolvent, the special statute of limitations applies after the representation, as well as before. It is an absolute bar unless an action at law is commenced upon the claim within the statutory period and before representation, or, no action having been so begun, the claim is presented to the commissioners within that period. The insolvency statute changes the mode of commencing process for enforcing claims against estates but does not extend the time therefor. The presentation of his claim to commissioners of insolvency by the creditor is deemed the commencement of his action for its enforcement against the estate and the special statute of limitations applies to such a proceeding, as well as to a suit at law. *Jellison* v. *Swan*, 105 Me., 356; *Parkman* v. *Osgood*, 3 Me., 17; *Aiken* v. *Morse*, 104 Mass., 277; *Tarbell* v. *Parker*, 106 Mass., 347; *Blanchard* v. *Allen*, 116 Mass., 447.

We think the presentment of a claim to commissioners on disputed claims must be given a like construction. The manner and form of the presentment of claims and the procedure thereon to be followed are the same in the one proceeding as in the other. No statute excuses delay in or extends the time for presentation of a disputed claim to commissioners. Reason and analogy dictate that such a presentment is to be also deemed the commencement of an action to enforce a disputed claim. As such, it is subject to the special statute of limitations and within the general rule that, in the absence of any statutory provisions excusing delay or otherwise extending the time for commencement of an action against an executor or administrator, the special statute bars the claim of a creditor who has failed to avail himself of his rights during the period of its limitations, whatever may have been the reasons therefor. *Littlefield* v. *Eaton*, 74 Me., 516, 520; *Fowler* v. *True*, 76 Me., 43, 48; *Bank* v. *Fairbanks*, 49 N. H., 140.

It is true that, in *Shurtleff* v. *Redlon*, supra, this court, in discussing the effect of the commencement of an action at law on a claim against an estate, after the identical claim has been committed to commissioners on disputed claims, said, "If, before her claim is barred, service is made upon or acknowledged by the claimant under the statute process, the subsequent steps, it is unnecessary to state, are unaffected by the statute of limitations." This statement of opinion was not, however, necessary for the de-

cision of that case. But, giving to it the respectful consideration it merits, we do not think it can be read as a denial of the duty of the creditor to present his disputed claim against an estate to commissioners thereon within twenty months after the executor qualifies. The time within which the creditor may present his claim to commissioners, after they are appointed, was not in issue in that case, is not mentioned in the opinion and was not determined. The term "subsequent steps," as there used, was undoubtedly intended to refer only to the mode of proceeding after service of the statute process, that is before commissioners rather than at law, a rule of procedure which must be followed regardless of the statute of limitations.

It is urged, however, that the construction here adopted may leave a claimant wholly without remedy if, as in the case at bar, the commissioners failed to qualify under their appointment and warrant.

The law is not so impotent. While Probate Courts are tribunals of special and limited jurisdiction, they may exercise the powers directly conferred upon them by legislative enactment and also such as may be incidentally necessary to the execution thereof. *Smith* v. *Howard*, 86 Me., 203, 205. They have special statutory authority to issue any process necessary to the discharge of their official duty and to punish for contempt of their authority. R. S. (1916), Chap. 67, Sec. 1.

When an executor or administrator elects to submit a disputed claim against an estate to commissioners, on service of the petition therefor upon the creditor, the latter becomes a party to the proceeding, entitled to be heard and to invoke the aid of the Probate Court to compel an adjudication of his claim. If the commissioners accept their appointment, the Probate Court has the power to compel obedience to its decree and warrant as also, we think, the power to extend the time for the commissioners' action and report. The creditor then has an established tribunal to which he may present his claim. If the commissioners fail to accept the appointment by qualifying, the proceeding is not terminated, but remains unfinished, still pending and subject to completion. Upon petition of the executor, administrator, or creditor, after notice, new commissioners may be appointed. The power of the Probate Court to

make a new appointment in a proceeding over which it has acquired and still retains jurisdiction, where the first appointee fails to qualify, is recognized in *Thompson* v. *Hall*, 77 Me., 160.

If, however, the creditor is unable to present his disputed claim to commissioners within the statutory period and is not chargeable with culpable neglect therefor, if he can bring himself otherwise within the statute, he may have relief in equity. R. S. (1916), Chap. 92, Sec. 22, provides:

> "If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding sections, is of the opinion that justice and equity require it, and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of such bill."

Relief can be granted under this statute, however, only in those cases that are "unmistakably shown to be within the express provisions of the remedial statute strictly construed." *Beale* v. *Swasey*, 106 Me., 35. "To hold otherwise would be to practically nullify the statute of limitations and indefinitely prolong the administration of estates." *Bennett* v. *Bennett*, 93 Me., 241. The creditor must not only show that he has a valid claim against the estate good in "equity and justice," but he must also prove that he is not chargeable with "culpable neglect," defined to be "censurable" or "blameworthy" neglect, which exists when the loss may be fairly ascribed to the creditor's own carelessness, improvidence or folly, or that of another for whose acts or omissions he is chargeable. *Beale* v. *Swasey*, supra; *Holway* v. *Ames*, 100 Me., 208; *Bennett* v. *Bennett*, supra.

There is no evidence in this case that the executor in any way deceived or misled the complainant as to any facts incident to the enforcement of her claim. She had knowledge of the appointment of the commissioners and was advised of the necessity of presenting her claim in the manner and form required by the statute. Although urged to employ an attorney to act for her in enforcing her

claim, she failed to do so until after October 3, 1928. So far as the evidence discloses, she allowed the time limited for the commissioners' report to expire and the summer months following to pass without any effort on her part to properly present her claim or obtain an adjudication of it.

When the complainant's letter from the executor of October 3, 1928, and his new petition were handed to her attorney, a little more than three weeks remained in which the claim could be presented. The executor was of the opinion that new commissioners must be appointed on a new petition. The complainant's attorney asserts in this report that he took the position and understood the law to be that the original petition for commissioners was still pending in the Probate Court and could be extended. Unfortunately, his opinion was not followed by prompt action. Until after November 1, 1928, when prosecution of the complainant's claim was barred, the time was spent in controversy as to the personnel of new commissioners. When, on May 2, 1929, the complainant's petition for extension of time for action and report by the original commissioners was filed, the bar of the statute had attached, the claim could not then be presented and an extension of time would have in no way benefited the complainant. The denial of that petition was obviously proper.

It is the opinion of the court that the complainant has not shown that her failure to enforce her claim against the estate in the manner and within the time provided therefor by law was not the result of want of diligence and lack of proper effort — that is "culpable neglect," for which she is chargeable. Failing to sustain this burden, she is not entitled to relief under the statute here invoked. The Bill must be dismissed with costs to the defendant to be taxed under the Rules.

*Bill dismissed.*
*The defendant to have his costs to be taxed in the court below under the Rules.*