*In re* ADOPTION OF LOUISE SAVORY.—(Y. T. SAVORY, Petitioner-Appellant, *v.* OFFICE OF STATE GUARDIAN, Respondent-Appellee.)

Third District    No. 81-335

Opinion filed December 22, 1981.

Chester C. Fuller, of Peoria Heights, for appellant.

James A. Wrigley, of Guardianship and Advocacy Commission, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

In 1977 the petitioner, Y. T. Savory, was found to have neglected his retarded, minor daughter, Louise Savory, whereupon the circuit court ordered that all of his parental rights and responsibilities in Louise be terminated. The court also authorized the Department of Children and Family Services to place and consent to her adoption. Except for the petitioner's unsuccessful attempt to adopt Louise in 1980, which the Department objected to and was sustained, no one attempted to adopt Louise. In March 1981, the circuit court of Rock Island County appointed the Office of State Guardian (State Guardian) to serve as Louise's plenary guardian in place of the Department of Children and Family Services because Louise had become a disabled adult (Ill. Rev. Stat. 1979, ch. 110½, par. 11a—2). The State Guardian refused to consent to the petitioner's instant petition to adopt Louise and moved to dismiss his petition, arguing that its consent as Louise's plenary guardian was mandatory before the circuit court could consider the petition on its merits and that, because the State Guardian refused to consent, the court must dismiss the petition. The circuit court granted the State Guardian's motion, from which the petitioner now appeals. The issue presented for appeal is whether the refusal of the State Guardian to consent to the adoption of its disabled adult ward completely and automatically abrogates the circuit court's jurisdiction over the petition to adopt. We think not and remand the cause to the circuit court for further proceedings consistent with the opinions herein expressed.

■■ Section 12 of the Adoption Act provides that upon fulfillment of certain conditions an adult may be adopted upon his or her consent, but if the adult is mentally ill or mentally retarded, a court may waive the consent requirement (Ill. Rev. Stat. 1979, ch. 40, par. 1514). The State Guardian argues that such consent cannot be waived by the court where the adult who is mentally ill or retarded is made a ward of a guardian for

disabled adults appointed in accordance with article XIa of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, pars. 11a—1 to 11a—23). Upon appointment as a guardian for a disabled adult, the guardian is empowered to make all necessary decisions concerning the ward's development toward self-reliance and independence. (See Ill. Rev. Stat. 1979, ch. 110½, par. 11a—17.) Given such broad authority to protect the ward's best interests, we agree that the adult's consent to adoption proceedings vests in the guardian upon appointment and, thus, a court may not waive the section 12 requirement before proceeding to the merits of the adoption petition.

Notwithstanding our rule that a court may not waive the consent requirement where a guardian has been appointed, we do not conclude that the guardian's refusal to consent to the adoption petition will summarily divest the circuit court of its jurisdiction to review the State Guardian's decision not to consent.

The instant situation is analogous to that presented in *Stines v. Vaughn* (1974), 23 Ill. App. 3d 511, 319 N.E.2d 561. In *Stines* the circuit court denied the petitioner's request to adopt a child who was in the custody of the Department of Children and Family Services. They appealed, arguing that the circuit court's decision was founded in part upon the Department's refusal to consent to the adoption petition, which the petitioners charged was made arbitrarily and capriciously. The Department argued that because the agency must ultimately consent to adoption and since it did not consent, nor was its consent statutorily excused, the appellate court was unable to review the petition. The court rejected the implication that the agency's mandatory consent requirement operated to divest the circuit court of its jurisdiction to fully hear and determine an adoption petition. The *Stines* court first examined several sections of the Adoption Act which emphasize that the tantamount concern in an adoption proceeding was the best interests of the child. It then quoted with approval *In re Haun* (1972), 31 Ohio App. 2d 63, 66, 286 N.E.2d 478, 480, where the court said:

> "The trial court held that the refusal of consent, apparently without more, raised the question of the best interest of the child for adjudication. We find it unnecessary to go so far to support the trial court's decision. It is enough, in our view, to simply subject the withholding of agency consent to judicial scrutiny to determine whether the agency is acting unreasonably, arbitrarily, or capriciously."

We completely agree with the reasoning of *Stines* and *Haun* and find it persuasive in the instant case. For us to accept the State Guardian's argument that its consent acts as a condition precedent to a circuit court's jurisdiction over the adoption petition would result in no judicial review of the agency's decision where it has withheld its consent. The practical

effect of this abrogation would be to place a judicial imprimatur on arbitrary, capricious, and even unlawful agency actions which fundamentally affect the best interests of its ward.

The State Guardian attempts to distinguish *Stines* by arguing that the agency does not stand in the same relationship to Louise as the Department of Children and Family Services did to the child sought to be adopted in *Stines*. The agency submits that because its authority over its ward does not terminate when Louise reaches a certain age and because the agency has no duty to actively find an adoptive family for her as was the case in *Stines*, the agency's involvement in the affairs of its ward may be significantly greater than was that of the Department of Children and Family Services in *Stines*. For this reason, the State Guardian concludes that judicial review is unwarranted in the case at bar. Such a distinction is at best casuistry. Yet, even assuming the existence of a meaningful distinction between *Stines* and the instant case, the agency's conclusion that less judicial review is required is antithetical. Instead of limiting judicial review as the agency's "involvement" with an individual increases, the need for judicial review, which is intended to protect individuals from agency abuses, increases as the significance and duration of the agency's regulation of its ward increases.

■■ Absent an express statutory provision to the contrary, we will not deny access to the courts of this State to aggrieved parties who seek to review the actions of an agency that is specifically responsible for the best interests of its ward. In so ruling, we make no comment concerning the merits of the instant adoption petition. Moreover, we limit the circuit court's review upon remand to whether the State Guardian adhered to its own administrative decision-making procedures and whether the agency's decision not to consent to the instant petition was unlawful or arbitrary and capricious. We also admonish the circuit court to be cognizant of and deferential to the State Guardian's expertise in caring for its adult wards.

For the foregoing reasons, we reverse the order of the circuit court of Peoria County and remand for further proceedings.

Reversed and remanded.

SCOTT, P. J., and HEIPLE, J., concur.