### In re Louis Alton MURRAY.

Supreme Judicial Court of Maine.

Argued March 14, 1983.

Decided July 1, 1983.

5. The record reflects that Faith Gluse is the sister of Willard's mother, Naurice Dennison.

Jolovitz & Niehoff, James M. LaLiberty (orally), William P. Niehoff, Waterville, for appellant.

Jim Mitchell and Jed Davis, P.A., Jed Davis (orally), Augusta, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

The Maine Children's Home for Little Wanderers appeals from a judgment of the Somerset County Probate Court ordering the Home to disclose information to petitioner Louis Alton Murray. The sole issue raised on appeal is whether the Probate Court could order disclosure of adoption records and information within the possession of a licensed, private, child adoption agency. We reverse the judgment and instruct the Probate Court to dismiss the petition.

Louis Alton Murray was born in Waterville in 1946, and subsequently adopted by his foster parents. In July of 1982, he filed a petition in the Probate Court requesting records and information at the Maine Children's Home for Little Wanderers in Waterville pertaining to his adoption. The Home filed an objection to Murray's petition which prayed that the petition be dismissed with prejudice. Following a hearing, the Probate Court granted Murray's petition and ordered the Home to disclose medical and genetic information relating to Murray, as well as any information relating to the identity of Murray's father. The Home filed a timely appeal.

Even assuming jurisdiction in this matter, the Probate Court lacks the authority to order the Home to disclose the records Murray seeks to obtain. Murray incorrectly relies upon 19 M.R.S.A. § 534 (Supp.1982–1983).[1] Under that statute, the Probate Court's authority to disclose adoption information extends only to court records.

The Probate Court is a statutory court of special and limited jurisdiction. *E.g., Cyr v. Cote,* 396 A.2d 1013, 1017 n. 5 (Me.1979). The court's jurisdiction over adoption proceedings is derived from 4 M.R.S.A. § 251

[1]. Title 19 M.R.S.A. § 534 (Supp.1982–1983) reads as follows:

§ 534. **Records confidential**

All probate court records relating to any adoption decreed on or after August 8, 1953 are declared to be confidential. The probate courts shall keep the records of such adoptions segregated from all other court records. *Such adoption records may be examined only upon authorization by the judge of the probate court.* In any case where it is considered proper that such examination be authorized, the judge may in lieu of such examination, or in addition thereto, grant authority to the register of probate to disclose any information contained in such records by letter, certificate or copy of the record.

*Any medical or genetic information in the court records relating to an adoption shall be made available to the adopted child upon reaching the age of 18, his descendants, adoptive parents or legal guardian on petition to the court.*

(Emphasis added.)

(1979) [2] and 19 M.R.S.A. § 531 (1981).[3] This jurisdiction includes powers necessary or ancillary to execution of an adoption proceeding. *E.g., Harmon v. Fagan,* 130 Me. 171, 178, 154 A. 267 (1931); *see* 4 M.R.S.A. § 201 (1979). In Murray's case, the Probate Court originally exercised its adoption jurisdiction pursuant to a 1947 adoption petition. At that time, the Probate Court might have had the power to order the Home to disclose its records to the court as part of the adoption action. The action at bar, however, is neither necessary nor ancillary to an adoption proceeding.

Accordingly, we reverse the judgment and instruct the Probate Court to dismiss the petition.

The entry is:

Judgment reversed.

Case remanded for entry of an order dismissing the petition.

All concurring.

**2.** Title 4 M.R.S.A. § 251 (1979) reads in pertinent part as follows: "Each [probate] judge ... may grant leave to adopt children ...."

**3.** Title 19 M.R.S.A. § 531 (1981) reads in pertinent part as follows: "Any ... person ... may petition the probate court to adopt a person...."