**In re MELISSA C.**

Supreme Judicial Court of Maine.

Argued June 10, 1986.

Decided Oct. 10, 1986.

Carmen L. Coulombe, (orally), Asst. Atty. Gen., Augusta, for appellant.

Platz & Thompson, P.A., Robert J. O'Donnell, III, (orally), Lewiston for appellees.

Linnell, Choate & Webber, Robert E. Mullen, Auburn, guardian ad litem.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

The Department of Human Services appeals from the judgment of the Androscoggin County Probate Court granting the petition for adoption of Melissa C. filed by Melissa's maternal grandparents. The petition was granted without consent of the department, Melissa's legal custodian. The department moved to dismiss the petition on the ground that its consent was required under 19 M.R.S.A. § 532(1)(C) (1981),[1] but the court denied the motion. The court determined that the refusal of the department to consent was arbitrary, capricious and unreasonable. Because we agree with the department that section 532 does not authorize the Probate Court to review the department's refusal, we vacate the judgment.

### I.

When Melissa C., now age nine, was approximately six weeks old, she was removed from the custody of her natural mother after Melissa's father allegedly physically abused her. Melissa was placed in a foster home for approximately two years, and then returned to the physical custody of her mother in an attempt to reunite the family. After a report that Melissa had been struck on the head by her stepfather, the department returned her to a foster home.

Several months later Melissa was placed with the petitioners, her maternal grandparents, and the department agreed to explore the possibility of adoption by them. While Melissa was living with her grandparents, she exhibited behavioral problems characterized by lack of interest in school, a short attention span, and other "hyperactive" behavior. Melissa was placed in a

---

1. 19 M.R.S.A. § 532(1)(C) provides:

  **1. Consent required.** Before any adoption is granted, written consent to the adoption must be given by:

  .  .  .  .  .

  C. The person or agency having legal custody or guardianship of the child or to whom the child has been surrendered and released;

child development program, and the grandparents cooperated with the department in a counseling program to improve their parenting skills. Despite this cooperation, progress in managing Melissa's behavior was slow, and her grandparents' handling of the problem may have hindered that progress. Throughout the time that counseling was taking place, a plan to have the grandparents adopt Melissa was still in place.

Approximately two and one half years after Melissa began living with her grandparents, the department received information that she may have been sexually abused by her stepfather during an unsupervised visit at her mother's home. After an interview with the child at the grandparents' home, a department caseworker informed the grandparents that Melissa should be taken to a doctor for a physical examination. The grandparents did not immediately take Melissa to the doctor. Two days later a department social worker expressed concern that Melissa had not yet been examined and herself took the child to the examination. Thereafter, the department temporarily removed Melissa from the grandparents' home until the sexual abuse allegations were resolved. By November, 1983 the department had decided that the temporary removal of Melissa from her grandparents' home should be permanent because her grandparents were not able adequately to protect her.

Before the department could place Melissa in an adoptive home, her grandparents filed a petition for adoption. The department moved to dismiss the petition on the ground that the Probate Court had no jurisdiction over adoption petitions of the department's wards until the department gave its consent to the adoption. The department determined that adoption by her grandparents would not be in Melissa's best interests and withheld its consent for two reasons: (1) the grandparents did not demonstrate the ability to protect Melissa from jeopardy and (2) the grandparents did not possess the necessary parenting skills

required to meet Melissa's needs. After hearing, the Probate Court concluded that the department's refusal to consent to the adoption was unreasonable and granted the adoption petition.

## II.

■ Section 532(1)(C) of the adoption statute requires consent of the person or agency having legal custody of the child to be proven as an element of the adoption petition. A legal adoption results if the statutory procedures are followed, but an adoption fails if any essential requirement of the operative adoption statute is not fulfilled. *Blue v. Boisvert*, 143 Me. 173, 179, 57 A.2d 498, 501 (1948). Thus, absent consent of the department, the Probate Court cannot grant the adoption petition.

■ Nowhere in the adoption statute has the Legislature provided for review of the decision should the custodial agency not give its consent to the adoption. We have previously stated that a Probate Court is a statutory court, and as such does not have the authority to extend its power beyond statutory limits. *E.g., In Re Adoption of G.*, 502 A.2d 1044, 1045–46 (Me.1986). Without legislative authorization, the Probate Court had no power to review the decision of the department to withhold its consent to the adoption of Melissa C.

The entry is:

Judgment vacated.

Remanded to the Probate Court for entry of judgment denying the petition.

McKUSICK, C.J., and NICHOLS and SCOLNIK, JJ., concurring.

GLASSMAN, Justice, dissenting.

I respectfully dissent. I do not agree with the court that the requirement of agency consent in 19 M.R.S.A. § 532(1)(C) (1981) was intended by the Legislature to give an unnatural parent an arbitrary, unreasonable or capricious power to defeat the exclusive jurisdiction of the probate courts to determine whether it is in the

best interest of a child that she be adopted by the petitioners and to issue a judgment granting or denying the adoption.

Maine adoption law vests jurisdiction over adoption proceedings exclusively within the probate courts. 4 M.R.S.A. § 251 (1979); 19 M.R.S.A. § 531 (Supp.1985). Direct appeal of a Probate Court decision to the Law Court is provided by 19 M.R.S.A. § 536 (Supp.1985). To grant exclusive jurisdiction of adoption proceedings to the probate courts and provide for an expeditious review by the Law Court is consistent with the legislatively articulated purpose of the Child and Family Services and Child Protection Act, 22 M.R.S.A. §§ 4001–4010 (Supp. 1985), of "promot[ing] the early establishment of permanent plans for the care and custody of children who cannot be returned to their family." *Id.* § 4003. *See also* § 4050(3) (intent of Legislature that provision for termination of parental rights "[p]romotes the adoption of children into stable families rather than allowing children to remain in impermanency of foster care").

Nowhere does the statutory scheme explicitly mention judicial review of a custodial agency's refusal to consent to an adoption. Although probate courts are statutory courts of special and limited jurisdiction, they may exercise powers incidentally necessary to the execution of their statutory functions. *Harmon v. Fagan,* 130 Me. 171, 178, 154 A. 267 (1931); *see* 4 M.R.S.A. § 201 (1979); *accord State ex rel. Baker v. Bird,* 253 Mo. 569, 162 S.W. 119, 122 (1913) (probate courts may invoke equitable principles in adjudicating issues which, by constitution or statute, are expressly confided to their care). *See also In re Adoption of Savory,* 102 Ill.App.3d 276, 58 Ill.Dec. 359, 430 N.E.2d 301 (1981); *State ex rel. Portage County Welfare Dept. v. Summers,* 38 Ohio St.2d 144, 311 N.E.2d 6 (1974) (even in absence of specific statutory authority court with jurisdiction over adoption may review agency's refusal to consent).

Today, the court by its rigid construction of 19 M.R.S.A. § 532(1)(C) has left the fate of an adoptive child to the whim or caprice of an agency or some other unnatural parent without charting any procedure for judicial review.[1]

In my opinion, section 532 may not operate to divest the probate courts of necessary judicial power to fully hear and determine adoption proceedings. Accordingly, I would have the Law Court determine on appeal whether the Probate Court erred in finding that the agency's withholding of consent was arbitrary, capricious or unreasonable.

---

1. Any review process that might be available to petitioning adoptive parents, such as 5 M.R.S.A. §§ 11001–110088 (Supp.1985), or an attempt to have legal custody transferred to the adopting parents, would not only thrust the adoptive process into a procedural maelstrom but be both time consuming and expensive as well as a poor use of judicial resources.