### PRIVETTE, A Minor, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2150. Decided March 8, 1932

John F. Seidel, Columbus, and Henry H. Metcalf, Columbus, for Hazel Wagner.

Grover C. Brown, Columbus, and Guy V. Fridley, Columbus, for Uda May Smith et.

KUNKLE, J.

Secs 8024 et seq, GC, provide what course shall be pursued in the adoption of children. The adoption of a child is purely of statutory creation; the provisions of the statute should, therefore, be strictly complied with.

Sec 8024-1 GC provides that:

"Upon the presentation of a petition for adoption the same shall be filed with the

court and the court shall appoint a day for the hearing of said petition and the examination under oath of the parties in interest; not less than 10, nor more than 30 days from the filing of the petition."

This section further provides that,

"If it shall be deemed necessary under the provisions of this act, that a discreet and suitable person shall be appointed as next friend to the child sought to be adopted, the court shall make such appointment and shall thereupon assign a day for the hearing of said petition and the examination of the parties in interest, not less than 10, nor more than 30 days from the time of appointing the next friend," etc.

It appears from the record in this case that on January 30, 1930, the petition for adoption of the minor child in question was filed; that on the same day the court appointed a next friend for such minor child in the person of Ruth Hessan as the next friend for said minor child.

On February 10, 1930, the consent to such adoption was filed by Katherine L. Smith as the next friend of said minor and on the same day the court decreed the adoption of the said minor to Walter E. and Uda May Smith. In this adoption decree Katherine L. Smith was named as the next friend.

Subsequently Hazel Wagner, the mother of the child, filed a motion to set aside the adoption proceedings as above stated upon the ground that the answer and consent of the next friend was not filed by Ruth Hessan who had previously been appointed by the court, but by Katherine L. Smith.

Subsequently a nunc pro tunc order was entered in the Probate Court ordering the name of Ruth Hessan stricken from the order of January 30, 1930, appointing a next friend for Katherine Privette, and the name of Katherine L. Smith entered therein as the person appointed next friend for said Katherine Privette. "It was therefore ordered that the substitution of Katherine L. Smith for the name of Ruth Hessan be and hereby is now entered by the clerk of this court as of the 30th day of January, 1930."

The records of the court clearly show that Ruth Hessan was appointed next friend for this minor. The records show with equal clearness that Katherine L. Smith filed the consent for such adoption as next friend of said minor child on the day of the hearing.

Can such correction be made by a nunc pro tunc entry?

The scope and purpose of a nunc pro tunc entry is clearly set forth by our Supreme Court in the **52 Oh St, p. 487**, in the case of **Cleveland Leader Printing Company v Green:**

"The province of a nunc pro tunc entry is to correct the record of the court in a cause so as to make it set forth an act of the court, which though actually done at a former term thereof, was not entered upon the journal; and it can not be lawfully employed to amend the record so as to make it show that some act was done at a former term, which might or should have been, but was not, then performed."

From a consideration of the record and the above and various other authorities cited, we are of opinion that there was irregularity in the adoption of this minor child.

The judgment of the lower court will be affirmed and the cause remanded, for the purpose of having such proceedings in reference to said adoption as conforms with the statutory provisions in regard to the appointing of a next friend.

Judgment affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.