OPINION
{¶ 1} Petitioners-appellants Jeremy Gopp and Michelle Gopp, fka Jenkins, appeal the March 15, 2004 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Probate Division, which dismissed their petition for pre-adoption placement of Cheilzie Fern Taylor upon a finding such action required the consent of the child's parents. Respondent-appellee is Michelle Holt.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 12, 2004, appellants filed a Pre Placement Application and Affidavit seeking the placement of Cheilzie Fern Taylor (DOB 6/1/95) with the eventual goal of adoption. The Tuscarawas County Court of Common Pleas, Juvenile Division, transferred legal custody of the child from her maternal grandparents to appellants on April 15, 2002. The change in custody was voluntarily agreed to by all parties involved, including appellee, the child's biological mother. Appellants are not related to the child.
 {¶ 3} The trial court conducted a hearing on appellants' application on February 19, 2004. At the hearing, appellee advised the court she would not give her consent to the adoption. Appellants argued appellee's consent was unnecessary and asked the trial court to proceed with the hearing. The trial court ordered the parties to submit written briefs on the issue of whether parental consent was necessary for a non-step parent adoption. Via Judgment Entry filed March 15, 2004, the trial court dismissed appellants' application for preplacement, finding appellee's consent was necessary pursuant to R.C. 5103.16.
 {¶ 4} It is from this judgment entry appellants appeal, raising as their sole assignment of error:
 {¶ 5} "The trial court abused its discretion and committed reversible error by failing to grant appellants' an evidentiary hearing to determine whether appellee's consent was necessary for preplacement of the minor child in question for purposes of adoption."
 {¶ 6} This appeal is expedited and is being considered pursuant to App. R. 11.2.
 I {¶ 7} In their sole assignment of error, appellants maintain the trial court erred and abused its discretion in failing to conduct an evidentiary hearing to determine whether appellee's consent was necessary for preplacement of the minor child. Appellants rely upon R.C. 3107.07, which provides, in pertinent part:
 {¶ 8} "Consent to adoption is not required of any of the following:
 {¶ 9} "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 10} Although appellee did not file a brief in this matter, in her response to appellants' brief in support of petition for preplacement, appellee argued R.C. 3107.07(A) was inapplicable as appellants are neither relatives of the minor child nor "the department, board, or organization having legal custody of the child." Appellee argued appellants must satisfy the requirements of R.C. 5103.16.
 {¶ 11} R.C. 5103.16(D) provides the statutory basis for the placement of children by the probate court. The placement of a child with the intent to adopt may be accomplished without the aid of an authorized public agency or other organization if:
 {¶ 12} "(1) Prior to the placement and receiving of the child, the parent or parents of the child personally have applied to, and appeared before, the probate court of the county in which the parent or parents reside, or in which the person seeking to adopt the child resides, for approval of the proposed placement specified in the application and have signed and filed with the court a written statement showing that the parent or parents are aware of their right to contest the decree of adoption subject to the limitations of section 3107.16 of the Revised Code;
 {¶ 13} "(2) The court ordered an independent home study of the proposed placement to be conducted as provided in section3107.031 of the Revised Code, and after completion of the home study, the court determined that the proposed placement is in the best interest of the child;
 {¶ 14} "(3) The court has approved of record the proposed placement.
* * *
 {¶ 15} "If the parent or parents of the child are deceased or have abandoned the child, as determined under division (A) of section 3107.07 of the Revised Code, the application for approval of the proposed adoptive placement may be brought by therelative seeking to adopt the child, or by the department, board, or organization not otherwise having legal authority to place the orphaned or abandoned child for adoption, but having legal custody of the orphaned or abandoned child, in the probate court of the county in which the child is a resident, or in which the department, board or organization is located, or where the person or persons with whom the child is to be placed reside." (Emphasis added).
 {¶ 16} R.C. 5103.16 applies to situations involving nonrelative adoptions; therefore, is applicable to the instant action. In order to avail themselves of the waiver of consent requirement set forth in R.C. 3107.07(A), the application for adoptive placement must be brought by a relative seeking to adopt. Since appellants are not a relative of the child, R.C.3107.07(A) does not apply.
 {¶ 17} In Lemley v. Kaiser (1983), 6 Ohio St.3d 258, the Ohio Supreme Court explained: "Although R.C. 5103.16 is not part and parcel of the adoption statutes, it is in substance an adoption statute. As such, R.C. 5103.16 is necessarily in derogation of the common law and must be strictly construed.Campbell v. Musart Society (P.C. 1956), 131 N.E.2d 279, 72 Ohio Law Abs. 46, 50; In re Wedl (P.C. 1952), 114 N.E.2d 411, 65 Ohio Law Abs. 231, 236. See Anonymous v. Anonymous (1981),108 Misc.2d 1098, 1102, 439 N.Y.S.2d 255. Further, because the provisions authorizing adoptions are purely statutory, strict compliance with them is necessary. In re Privette (1932),45 Ohio App. 51, 52, 185 N.E. 435; Anonymous, supra."
 {¶ 18} We find appellee's consent was necessary prior to a preadoption placement of Cheizlie with appellants. Accordingly, we find the trial court did not err in dismissing appellants' application and in finding R.C. 3107.07 inapplicable as appellants are nonrelatives.
 {¶ 19} Appellants' sole assignment of error is overruled.
 {¶ 20} The judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellants.